TRAVERS *v.* BOSTON HAMMOCK SPREADER Co.    SAME *v.* BEALS.    SAME *v.* NICKERSON.

*(Circuit Court, D. Massachusetts.    May 24, 1888.)*

PATENTS FOR INVENTIONS—PATENTABILITY—INVENTION—HAMMOCK BLOCKS.
    The second claim of letters patent granted to Travers November 18, 1879, for the combination of a hammock having suspension ropes with detachable curved distending blocks notched at the lower edge, is invalid by reason of the prior state of the art; detachable straight blocks notched at the lower edge to space the ropes having been in prior use, and there being no invention in making a curved block for the same purpose.

In Equity.   Motions for preliminary injunctions.
*Briesen & Steele*, for complainant.
*Browne & Browne*, for defendants.

COLT, J   These are motions for preliminary injunctions based upon the alleged infringement of the second claim of letters patent granted to the complainant November 18, 1879, for improvements in hammocks. The claim is for the combination of a hammock having suspension ropes with detachable distending blocks, which are notched at their lower edge to space the ropes.   The improvement really consists in the use with a hammock of a detachable curved block notched at its lower edge.   The evidence before me proves beyond question the prior use of a detachable straight block notched at its lower edge to space the ropes.   There is also evidence going to prove the use of a curved block notched at either end.   Such being the prior state of the art I am unable to find any invention in making a curved detachable block notched at its lower edge. Hammocks with curved and straight blocks were exhibited before me at the hearing, and the relative merits of each tested in court, and except perhaps in the more attractive appearance of the former, I was unable to discover any substantial difference between the two in the results accomplished.   The only embarrassment I labor under arises from the fact that Judge WALLACE in the case of *Travers* v. *Beyer*, 26 Fed. Rep. 450, sustained the validity of this patent upon final hearing.   In the written opinion of Judge WALLACE the question of anticipation is not touched upon, but this point was decided orally in the plaintiff's favor at the hearing.   An examination of the record and briefs of counsel in that case, which are now before me, discloses that it was a disputed question whether a straight detachable block notched at its lower edge had been in use prior to Travers' invention, and it may be the court held that such anticipation was not sufficiently proved, while in the present case it is not denied.   Upon the record before me, I have such doubt as to the validity of the second claim of the patent that I do not feel justified in granting these motions.   Motions denied.